**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PHYLLIS N. WILLIAMS-YOUNG,

    Plaintiff,

v.                                              Case No:   3:12-cv-1397-J-32JBT

INTERLINE BRANDS, INC. and
ANNETTE RICCIUTI, Vice President,

    Defendants.

## O R D E R

The case is before the Court for review of the file and pending motions.

Review of *pro se* Plaintiff's Amended Complaint (Doc. 6) shows that she has not complied with the Court's earlier Order.  (Doc.5).  While the Court appreciates Plaintiff's attempt at documenting all of the facts in support of her claims, Plaintiff's Amended Complaint is comprised of long, unnumbered paragraphs containing many unnecessary details, which make it burdensome for the Court to sort out which facts are relevant. This does not mean that Plaintiff will have no opportunity to present these details to the Court; however, a complaint is not the place for them.

Plaintiff should state that she has received notice of the right to sue from the EEOC in the beginning of her complaint.   Thereafter, Plaintiff's complaint should contain a short and plain statement of the claims showing that she is entitled to relief.   Each claim must include the facts in concise, numbered paragraphs.   The Court provides Plaintiff the following guidelines regarding her claims:

### A. Racial Discrimination

To establish a prima facie case of racial discrimination under Title VII of the Civil Rights Act of 1964 or in a § 1983 equal protection claim, Plaintiff must prove that: 1) she belongs to a protected class; 2) she was qualified to do the job; 3) she was subjected to an adverse employment action; and 4) her employer treated similarly situated employees outside her class more favorably.  Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).  "An employment action is only considered 'adverse' if it results in some tangible, negative effect on [a] plaintiff's employment."  Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001).  Hence, to show that she was subjected to adverse employment action, Plaintiff must show that she suffered "a serious and material change in the terms, conditions, or privileges of employment."  Davis v. Town of Lake Park, 245 F.3d 121, 1232, 1239 (11th Cir. 2001).

Without proof of tangible harm, denial of training opportunities alone does not constitute an adverse employment action.  McGuire v. Miami-Dade County, 418 F.Supp. 2d 1354, 1361 (S.D. Fla. 2006).  Failure to promote, however, can constitute adverse employment action if Plaintiff can prove: (1) that she belongs to a protected class; (2) that she applied for and was qualified for a promotion; (3) that she was rejected despite her qualifications; and (4) that other equally or less-qualified employees outside her class were promoted.  Bryant v. Dougherty County School System, 382 Fed. App'x. 914, 917 (11th Cir. 2010).  Similarly, disparate pay can constitute adverse employment action if Plaintiff can show that she occupies a position similar to that of a higher paid employee who is not a member of her protected class.  See Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1019 (11th Cir. 1994).

**B.     Hostile Work Environment Discrimination**

To establish a prima facie case of hostile work environment discrimination claim under Title VII of the Civil Rights Act of 1964 or in a § 1983 equal protection claim, Plaintiff must show that: (1) she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment was based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under a theory of vicarious or of direct liability.   Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269 (11th Cir. 2002).

It is a "bedrock principle that not all objectionable conduct or language amounts to discrimination under Title VII."   Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (en banc).   Therefore only severe and pervasive harassment based on a protected characteristic may be considered in a hostile work discrimination analysis. Gupta v. Fla. Bd. Of Regents, 212 F.3d 571, 583-84 (11th Cir. 2000), overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006); see also Byrd v. Postmaster General, 582 Fed. App'x. 787 (11th Cir. 2014).   In evaluating whether harassment is severe or pervasive, courts look to "the frequency of the conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and whether the conduct unreasonably interferes with the employee's job performance."   Johnson v. Booker T. Washington Broadcasting Serv., Inc., 234 F.3d 501, 509 (11th Cir. 2000) (citing Mendoza v. Borden, 195 F.3d 1238, 1244-45 (11th Cir. 1999)).

### C. Wrongful Termination

It appears that Plaintiff is claiming race-based wrongful termination (see Doc. 6 at 11 ¶ 2, 12, 16).  Termination, the most severe form of workplace discipline, would undoubtedly constitute an adverse employment action, satisfying the third element necessary to establish a prima facie case of racial discrimination under Title VII of the Civil Rights Act of 1964 or in a § 1983 equal protection claim.  "In cases involving alleged racial discrimination in the application of work rules to discipline an employee, the plaintiff must either show (a) she did not violate the work rule, or (b) that she was engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against her were more severe than those enforced against the other persons who were engaged in similar misconduct."  Moore v. Ala. Dept. of Corrections, 137 F. App'x 235, 238 (11th Cir. 2005).  Courts require "the quantity and quality of the comparator's misconduct to be nearly identical to prevent courts from second-guessing employer's decisions and confusing apples with oranges." Maniccia v. Brown, 171 F.3d 1364, 1368-69 (11th Cir. 1999).

If Plaintiff is making some other type of claim, it is not apparent to the Court.

### D. EEOC Miami District Office

The Court is unclear what Plaintiff is alleging in her fourth claim.  To the extent that it is a claim regarding treatment by the EEOC, it is not a claim she can bring in this lawsuit, which is against her former employer, Interline Brands, Inc.

4

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff shall file a Second Amended Complaint that conforms to the guidelines provided in this Order, the Court's earlier Order (Doc. 5), and the Court's Report and Recommendation (Doc. 8) no later than **February 10, 2015**.

2. Defendant's response to Plaintiff's Second Amended Complaint is due by **March 3, 2015**.

3. Plaintiff's Motion to Remove a Defendant (Doc. 15) is **GRANTED** to the extent that Defendant Annette Ricciuti is terminated.

4. Plaintiff's Motion to Continue (Doc. 16) is **GRANTED** to the extent that the Court will stay the case until **February 10, 2015** while Plaintiff gets documentation of the full investigation and findings from the Equal Employment Opportunity Commission ("EEOC").

5. Defendant's Motion to Dismiss (Doc. 14) is **MOOT**.

**DONE AND ORDERED** in Jacksonville, Florida the 16th day of December, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

eh
Copies:

counsel of record