**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PHYLLIS N. WILLIAMS-YOUNG,

        Plaintiff,

vs.                                            Case No. 3:12-cv-1397-J-32JBT

INTERLINE BRANDS, INC., and
ANNETTE RICCIUTI, Vice President,

        Defendants.

## ORDER

Upon review of pro se plaintiff's Amended Complaint, the Court issued an Order giving plaintiff detailed instructions about what she needed to allege to state the types of claims she appeared to be trying to bring. See Order, Doc. 19. Plaintiff then filed a Second Amended Complaint (Doc. 20) which defendant moved to dismiss (Doc. 21).[1] When plaintiff did not timely respond to the motion, the Court issued an Order directing her to do so, and advising her that failure to respond would result in the Court treating the motion as unopposed. See Order, Doc. 22. Instead of filing a response, plaintiff filed a two sentence Motion to Continue (Doc. 23), asking the Court to allow her case to continue and requesting mediation. Defendant responded (Doc. 24), requesting that the Court dismiss this case. In light of plaintiff's failure to respond to the motion to dismiss, the Court treats the motion as unopposed.

---

[1] The motion is filed on behalf of Interline Brands, Inc. Plaintiff voluntarily dismissed her claims against Annette Ricciuti. See Docs. 15, 19.

However, given plaintiff's pro se status, the Court has gone back through her voluminous filings to determine whether there is any basis to permit this case to continue. Even construing the allegations in the light most favorable to plaintiff, she has failed to state any claim: her claim of race discrimination based on unequal pay is time barred (plaintiff having known about the pay discrepancy since October 2009 according to her amended complaint, well more than 300 days before filing her March 2011 EEOC charge); her race discrimination claim based on failure to train does not allege any harm (and plaintiff states she did receive training eventually); her allegations about a while male who did not take a test do not support any claim because, in addition to the lack of other specificity, plaintiff alleges she was told the test did not affect promotion decisions; her claims about promotions are too vague to require a response and the only position she discusses in more detail is one she declined to accept; the claim that inappropriate language was used in the work place does not support a hostile work environment claim where the language is not alleged to be based on race (the only claim in her EEOC charge); and her wrongful termination claim likewise is not based on race (again the only claim in her EEOC charge), nor is she alleging that her termination violated the Family Medical Leave Act– indeed, she alleges her employer afforded her 12 weeks of leave as required under the Act.

Plaintiff has had three opportunities to state a claim for relief and received guidance from the Court on three separate occasions. See Docs. 5, 8, 19.  Nonetheless, plaintiff's Second Amended Complaint still fails to state a claim, and she has not responded to defendant's challenge to that complaint. Further efforts to amend would not be productive. At this point, plaintiff's case is due to be dismissed for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). See Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (holding that allegations must be sufficient to "raise a right to relief above the speculative level"); Giles v. Wal-Mart Dist. Ctr., 359 F. App'x 91, 93 (11th Cir. 2009) (explaining that while pro se pleadings are held to a less strict standard than those filed by lawyers, the Court may not act as de facto counsel and pro se parties must follow the rules of the Court, especially after being directed to do so).

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Continue (Doc. 23) is **denied**. Defendant's Motion to Dismiss (Doc. 21) is **granted**. Plaintiff's Second Amended Complaint (Doc. 20) is **dismissed with prejudice**. The Clerk shall **close** the file.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of August, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se plaintiff